McCallum *et al.* agt. Barnard.

---

## N. Y. MARINE COURT.

Neil McCallum *et al.* agt. Philip Barnard.

*Arrest — after surrender by his bail entitled to be discharged by tendering new bond similar to first — When and when not compelled to give limit bond — Code of Civil Procedure, sections 575, 591, 149, 110, 574.*

A defendant arrested and subsequently surrendered by his bail, is entitled to be discharged upon tendering a new bond similar in form to the one first given. The sheriff cannot compel him to give a limit bond before execution, except it be a case wherein bail to pay the debt is required.

*Special Term, December,* 1879.

· The defendant, who was arrested on the 27th day of July, 1878, by virtue of an order of arrest, gave bail for his appearance when required (*Code of Civil Procedure, section 575, sub.* 3), and was thereupon released from custody.

On the 14th day of October, 1878, his sureties surrendered him (*id., sec.* 591), and to relieve himself from actual confinement he gave a limit bond conditioned that he would not depart from the county, the sheriff declining to accept the ordinary bond for his appearance (*under sec.* 575, *sub.* 3), claiming that after such surrender he could take no other than a limit bond (*Id., secs.* 149, 110). The action is at issue, pending and undetermined, and the defendant asks leave to withdraw the limit bond (which he claims was wrongfully exacted from him), and to substitute in its stead bail for his appearance (*under sec.* 575, *sub.* 3, *supra*), to the end that he may enjoy the liberty of going where he pleases until con-demned by a jury of his country.

*G. H. Alexander*, for motion.

*Vanderpoel, Green & Cumming*, for sheriff.

*D. & P. Mitchell*, for plaintiff.

McAdam, *J.* — A defendant surrendered by his bail is returned to all the disadvantages of the original arrest, but is in like manner restored to whatever privileges belonged to it, one of which was the right of being discharged upon giving the ordinary bond for his appearance under section 575, subdivision 3 of the Code of Civil Procedure. After such surrender the defendant is, as before, imprisoned "by virtue of the order of arrest," and by no other process. The surrender is not an act which justifies the sheriff in exacting from the unfortunate prisoner any thing more than the order warranting his confinement directs, but is merely the mode by which the bail exercise a discretionary right of terminating their

McCallum *et al.* agt. Barnard.

liability. Prior to the new Code a defendant surrendered by his bail was entitled to his discharge by substituting new bail (*see Code of Procedure, sec.* 188, *sub.* 1), and there is nothing in the new Code taking away this right. The option of giving a limit bond, conferred by the new Code (*secs.* 574, 149, 110), was designed to enlarge and not to lessen the rights of the prisoner, and was especially intended to apply to those cases wherein the defendant was required but was unable to furnish bail to pay any recovery had in the action (*sec.* 575, *sub.* 2). The old Code furnished no relief to a defendant unable to procure such bail, while the new Code permits such a defendant to give a bond for the limits (*sec.* 574, *id.* ; *Levy* agt. *Kaim*, 55 *How. Pr.*, 136), and declares that it may be given even after surrender (*secs.* 149, 110). The present action not being one in which bail to pay the debt could or can be required, it follows that the sheriff had no right to exact the limit bond by means of which the defendant has been ever since confined within the limits of the jail. He was entitled to his discharge upon giving the less penal obligation, *i. e.*, a bond for his appearance when required.

I will, therefore, direct that if the defendant surrenders himself to the sheriff in exoneration of his bail upon the limit bond (*Code of Civil Pro., sec.* 591 ; *Croker on Sheriffs, sec.* 590), that the sheriff accept from him a bond for his appearance, in the form required by section 575, subdivison 3 (*supra*), and that he discharge the defendant from custody. This course will avoid the necessity of formally deciding whether the bond was voluntarily given by the defendant in exercise of a right of election, or whether it was coerced by the sheriff, *colore officii* (2 *R. S.*, 286, *sec.* 59 ; 3 *R. S.* [*6th ed.*], *p.* 448, *sec.* 49).